UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA

    - against -

JACQUELINE LANG,

                Defendant.

------------------------------------X

12 Cr. 00148 (RWS)

SENTENCING OPINION

**Sweet, D.J.**

      On June 10, 2013, Jacqueline Lang ("Lang" or "Defendant") pleaded guilty to misprision of a felony, in violation of 18 U.S.C. § 4.

      For the reasons set forth below, Lang will be sentenced to one year probation and fined $500.

Prior Proceedings

      Lang was named in a One-Count Information filed in the Southern District of New York on June 10, 2013. Count One charges that in May 2011, in the Southern District of New York and elsewhere, Lang knew that a gun trafficking offense had been

1

Defendant's boyfriend also indicated that Lang is extremely regretful about her actions.

The instant offense represents the Defendant's first criminal conviction. There are no identifiable victims in this offense.

The Relevant Statutory Provisions

The maximum term of imprisonment on Count One is three years, pursuant to 18 U.S.C. § 4. The Court may impose a term of supervised release of not more than one year on Count One, pursuant to 18 U.S.C. § 3583(b)(3). Since the offense for Count One is a Class E Felony, the guideline range for a term of supervised release is one year. USSG §5D1.2(a)(3).

Because Count One is a Class E Felony, the defendant is eligible for not less than one nor more than five years probation. 18 U.S.C. § 3561(c)(1). One of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service.

The maximum fine for Count One is $250,000.00,

committed and did not report that crime. On June 10, 2013, Lang appeared before the Honorable Henry B. Pitman in the Southern District of New York and allocated to her criminal conduct in the above charge. Lang's sentencing is currently scheduled for September 30, 2013.

The Sentencing Framework

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    the need for the sentence imposed —

        (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B)    to afford adequate deterrence to criminal conduct;

        (C)    to protect the public from further crimes of the defendant; and

2

    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    the kinds of sentence and the sentencing range established for —

    (A)    the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5)    any pertinent policy statement . . . [issued by the Sentencing Commission];

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

The Defendant

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Lang's

3

personal and family history.

The Offense Conduct

The following description draws from the PSR. The specific facts of the underlying conduct are adopted as set forth in that document.

According to the Government, during May 2011, Lang acted as a straw buyer for at least 3 but not more than 7, firearms on behalf of her uncle, a felon, who sold the guns in New York. Lang pretended that the guns were for her own use, but the purchases were, in fact, made on her uncle's behalf. According to Lang, her uncle had promised to pay her for this service, but never did, and she was reportedly encouraged by her grandmother (the uncle's mother) to agree to the plan.

Based upon the Defendant's statement, after purchasing two or three guns for her uncle, it appears that the Defendant expressed her reluctance to continue committing the offense, but her uncle made veiled threats against the Defendant's daughter, and so she agreed to continue. The Defendant expressed deep remorse for her decision to participate in this crime, and the

pursuant to 18 U.S.C. § 3571(b). The fine range for this offense is from $100 to $5,000. USSG §5E1.2(c)(3). A special assessment of $100.00 is also mandatory for Count One, pursuant to 18 U.S.C. § 3013. Restitution is not applicable in this case. 18 U.S.C. § 3663.

**The Guidelines**

The November 1, 2012 edition of the <u>United States Sentencing Commission Guidelines Manual</u> has been used in this case for calculation purposes pursuant to § 1B1.11(a).

Pursuant to a written plea agreement, the parties stipulated to the following: because Defendant is charged with misprision of a felony, Defendant's offense level is determined by reference to 2X4.1(a). Since the underlying offense was gun trafficking, in violation of 18 U.S.C. § 922(a)(1)(A), and pursuant to 2k2.1(a)(7), the base offense level is 12. Pursuant to 2K2.1(b)(1)(A), a 2-level increase is warranted because the offense involved no more than 3, but less than 7, firearms. Because the offense level for the underlying offense is 14, pursuant to § 2X4.1(a), the base offense level is lowered by 9 levels, for a total offense level of 5. Given the Defendant's

6

satisfactory allocution before the Court, a 2-level reduction in the offense level is warranted for acceptance of responsibility, pursuant to § 3E1.1(a). The Defendant has no criminal history points and is in criminal history Category I.

Based upon the calculations set forth above, the Defendant's stipulated Guidelines range is 0 to 6 months' imprisonment, and the applicable fine range is $100 to $5,000. Subject to Defendant's ability to pay, in imposing a fine, the Court shall consider the expected costs to the Government of any imprisonment, probation, or supervised release pursuant to § 5E1.2(d)(7). The parties agree that neither a downward nor an upward departure from the stipulated guidelines range set forth above is warranted.

The Sentence

For the instant offense, Defendant Lang will be sentenced to one year probation and payment of a $500 fine. The fine shall be paid in monthly installments of $100 over a period of supervision to commence 30 days after the date of judgment.

Lang is directed to report to the nearest United

States Probation Office within seventy-two hours of release to commence her term of supervised release.  It is recommended that Defendant be supervised by the district of her residence.

As mandatory conditions of her probation, Lang shall: (1) not commit another federal, state, or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; and (4) cooperate in the collection of DNA as directed by the probation officer.  The mandatory drug testing condition is suspended based on the Court's determination that the Defendant poses a low risk of future substance abuse.

Furthermore, the standard conditions of supervision (1-13), set forth in the judgment, shall be imposed with the additional special conditions:

(1)  Defendant shall provide the probation officer with access to any requested financial information.

(2)  Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless Defendant is in compliance with the

installment payment schedule.

(3) Defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found.  The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

A special assessment of $100, payable to the United States, is mandatory and shall be due immediately.

The terms of this sentence are subject to modification at the sentencing hearing scheduled for September 30, 2013.

It is so ordered.

New York, NY
September 25, 2013

_____
ROBERT W. SWEET
U.S.D.J.